UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-697-H

HILLERICH & BRADSBY CO.  PLAINTIFF

V.

TRAVELERS PROPERTY CASUALTY CO., et al.  DEFENDANTS

**MEMORANDUM AND ORDER**

Defendant, Travelers Property Casualty Co. ("Travelers") has moved to exclude the testimony of an expert, Dr. Charles Haywood, on the grounds that the essence of his testimony is not based upon expertise or special training he possesses.

After reviewing all the arguments, the Court concludes that Dr. Haywood's testimony is not based upon any particular expertise that would be helpful to the jury. *See Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994) (holding that "[t]he issue with regard to expert testimony is not the qualifications of the witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question").  Dr. Haywood essentially adopts the speculation of other persons about the probability of future lawsuits over a twenty-year period.  Then, he performs little more than a mathematical calculation.  In other words, Dr. Haywood attempts to cloak speculation with the respectability of an expert opinion.  This suggests that the opinion has little probative worth and, actually, may tend to mislead the jury. *See Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997), *abrogated on other grounds*, *General Elec. Co. v. Joiner*, 522 U.S. 136 (holding than "[a]n expert opinion that is

based on substantially valid principles will satisfy [Federal Rule of Evidence 702]; an expert's subjective belief or unsupported speculation will not").

Plaintiff argues that Dr. Haywood is a highly qualified professional and that he can help the jury understand the present value of the loses that Plaintiff may incur. It is true that Dr. Haywood appears highly qualified. However, his testimony is more misleading than helpful. The problem is that the causal link between Travelers' unauthorized disclosure and the subsequent filing of personal injury lawsuits is so relatively tenuous. Dr. Haywood bases his proposed opinions not on facts, but upon assumptions which have no basis in the record. Of course, Dr. Haywood has no personal knowledge whether Travelers' conduct could result in the filing of more personal injury lawsuits. Thus, the premise of his testimony is potentially misleading. Allowing Dr. Haywood to testify would compound and worsen the prejudice by giving credibility to the assumptions about future lawsuits.

For all these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to exclude the testimony of Dr. Charles F. Haywood is SUSTAINED.

cc:     Counsel of Record